Filed 1/22/25  P. v. Lopez CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

### IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

### FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE, | F087998 |
| Plaintiff and Respondent, | (Super. Ct. No. CF94521140) |
| v. | |
| JAIME JUAN LOPEZ, | **OPINION** |
| Defendant and Appellant. | |

### THE COURT[*]

APPEAL from a judgment of the Superior Court of Fresno County.  Gary R. Orozco, Judge.

John L. Staley, under appointment by the Court of Appeal, for Defendant and Appellant.

Office of the Attorney General, Sacramento, California, for Plaintiff and Respondent.

-ooOoo-

---

[*]    Before Levy, Acting P. J., Peña, J. and Smith, J.

# INTRODUCTION

In 1994, appellant Jaime Juan Lopez and his codefendants carjacked and kidnapped Manuel Toste, with the intent to take Toste's vehicle. After driving away in Toste's vehicle, with Toste inside, one of appellant's codefendants eventually shot Toste in the head, killing him.

In 1995, a jury convicted appellant of the following felonies:

(1) Second degree murder (Pen. Code, § 187;[1] count 1);

(2) Kidnapping to commit robbery (§ 209, subd. (b); count 2);

(3) Carjacking (§ 215, subd. (a); count 3); and

(4) Robbery (§§ 211/212.5, subd. (b)).

In 1995, appellant received two consecutive sentences of 15 years to life in prison for the convictions in counts 1 and 2. He also received a consecutive determinate term of six years for the conviction in count 3, which included a one-year firearm enhancement (§ 12022, subd. (a)(1)). A sentence in count 4 was stayed.

In 1998, this court issued an unpublished opinion in which we affirmed appellant's judgment with minor corrections to his sentence. (*People v. Lopez, et al.* (Dec. 31, 1998, F024557 & F025403.)

In 2024, the lower court resentenced appellant following retroactive changes in the law. (See § 1172.6, subd. (a).) The court vacated appellant's murder conviction. For the conviction in count 2 (kidnapping to commit robbery), the court ordered appellant to serve a life sentence with the possibility of parole. The court stayed the sentences in counts 3 and 4, including the firearm enhancement which the jury found true.

---

[1] All future statutory references are to the Penal Code unless otherwise noted.

Following his 2024 resentencing, appellant appealed to this court.  His counsel has filed a *Wende*[2] brief.  After reviewing the entire record, we affirm.

## BACKGROUND

### I.     A Summary of Appellant's Crimes.

The facts supporting appellant's judgment are detailed in our prior opinion.  In general, appellant was with other young men in 1994 when they decided to carjack someone in order to drive to the local county fair.  Some of appellant's codefendants had firearms.  Appellant unsuccessfully attempted to stop a vehicle.  The group then successfully stopped a vehicle driven by Toste.  The group took control of Toste's vehicle, and they drove away with Toste inside.  After driving for a while, they stopped and Toste exited.  One of appellant's codefendants shot Toste in the head, killing him. (*People v. Lopez, et al., supra,* F024557 & F025403.)

### II.     The Resentencing Hearing.

At the resentencing hearing in 2024, appellant's counsel noted that appellant had been in custody for about 30 years.  Counsel outlined the progress that appellant had shown while in prison, including attempts to educate himself and rehabilitate.  Counsel commented on appellant's strong family support.  Appellant's counsel asked the court to exercise its sentencing discretion under section 654 and stay the sentence in count 2 (kidnapping to commit robbery), which imposed a sentence of life with the possibility of parole.  Appellant's counsel asked the court to sentence appellant for the conviction in count 3 (carjacking), with credit for time served.

In response, the prosecutor noted that the parole board had previously denied parole to appellant.  The prosecutor explained that parole had been denied for various rule violations, which included "manufacturing alcohol, [manufacturing] jail-made weapons, and participating in gang riots."  However, the prosecutor acknowledged that those rule

---

[2]     *People v. Wende* (1979) 25 Cal.3d 436.

violations had ceased as of 2012 and 2013. The prosecutor contended that the parole board was the appropriate body to determine when appellant was eligible for release. The prosecutor argued that a life sentence was still proper because appellant had known his codefendants were armed and he had personally attempted to stop a vehicle. Although appellant had not held an intent to kill, he participated in "extremely deadly and dangerous behavior." The prosecutor asserted that appellant's "culpability in the underlying carjacking and kidnapping was high." The prosecutor again sought an indeterminate sentence.

After hearing the arguments from the parties, the trial court stated that this was "a difficult case" given the length of time appellant had already served in custody. The court acknowledged it had discretion under section 654 to apply whatever sentence was proper. The court noted that appellant's efforts in prison "over the last five to six years have been good." However, the court focused on "the gravity of the crime" and it concluded that the most appropriate sentence was a life term with the possibility of parole. The court designated as the principal term the sentence in count 2, kidnapping to commit robbery. The court stayed the sentences in the remaining counts, including a firearm enhancement.

## DISCUSSION

The present *Wende* brief raises no arguable issues; it asks us to independently review the entire record. However, appellant's counsel suggests in the *Wende* brief that this court should consider whether the trial court abused its discretion under section 654 in not staying the sentence in count 2.

Following receipt of the *Wende* brief, this court notified appellant via a letter dated October 16, 2024, that he had the right to file a letter stating any grounds on appeal that he wanted this court to consider. Our letter stated that, if we did not hear from him within 30 days, we would assume that he had nothing further to add.

Appellant did not personally file anything further with this court.

4.

After reviewing this record, we do not discern any arguable appellate issues. Appellant's judgment was affirmed by this court in 1998. (*People v. Lopez, et al., supra,* F024557 & F025403.) Following changes in the law, appellant's murder conviction in count 1 was subsequently vacated. At the 2024 resentencing, the lower court imposed a life sentence in count 2, which was authorized by statute. (§ 209, subd. (b); see also § 209, former subd. (b) [1994].) The court considered and rejected appellant's request to stay the sentence in count 2. (§ 654, subd. (a).) However, the court stayed the one-year firearm enhancement (§ 12022, subd. (a)(1)), which the jury found true in count 2. The court also stayed the sentences in counts 3 and 4.

After reviewing the entire record, we conclude that there are no arguable issues that would result in a disposition more favorable to appellant. The sentencing court imposed an authorized sentence. The lower court clearly understood its sentencing discretion. Nothing in this record demonstrates or even reasonably suggests that the court may have abused its discretion. Accordingly, additional briefing is unnecessary, and we will affirm appellant's judgment.

## DISPOSITION

The judgment is affirmed.